IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFILEPRO LLC,<br>   Plaintiff, | |
| v. | Civil Action No. |
| GINA WASHINGTON D/B/A<br>RIGHTEOUS ROOTS | VERIFIED COMPLAINT |
|    Defendants | |

  Plaintiff, ProfilePRO LLC, by and through its attorneys, and as for its Complaint, avers as follows:

## NATURE OF THIS CASE

  1. This civil action asserts claims for trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1051 et seq. and the statutory and common laws of the Commonwealth of Pennsylvania. The amount in controversy exclusive of interest and costs exceeds the sum or value of $75,000.

## THE PARTIES

  2. Plaintiff, ProfilePRO LLC ("ProfilePRO"), is a Delaware limited liability company having a principal place of business at 355 W. Lancaster Avenue, Building E, Haverford, Pennsylvania 19041.

  3. On information and belief, Defendant, Gina Washington, d/b/a Righteous Roots ("Washington"), is a citizen residing at 15810 Gale Avenue, #203, Hacienda Heights, California 91745.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it involves claims arising uder the Lanham Act, 15 U.S.C. §1051 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has done business in and continues to do business within the Commonwealth of Pennsylvania subjecting her to the jurisdiction of this Court under the Pennsylvania Long Arm Statute, 42 Pa. C.S. §§ 5301 and 5303.

6. Venue is appropriate pursuant to U.S.C. §1391(c) because, upon information and belief a substantial part of the property and claims are located and occurred in this district.

## COUNT I – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

7. As a cause of action and ground for relief, ProfilePRO alleges trademark infringement by Washington and alleges that Washington has engaged in acts in violation of under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law, and incorporates ¶¶ (1) through (6) of the Complaint as part of this count.

8. Since at least as early as May 31, 2016, long prior to the acts complained of herein, ProfilePRO has used the mark HAIRRX in connection with hair care preparations; shampoos; hair conditioners; hair styling preparations; hair styling spray; styling lotions in interstate commerce.

9. Plaintiff, ProfilePRO LLC is the owner of United States Certificate of Registration No. 5,033,201 for the mark HAIRRX for hair care preparations; shampoos; hair

conditioners; hair styling preparations; hair styling spray; styling gels; styling lotions; styling mousse, in International Class 3.

10. Plaintiff, ProfilePRO LLC owns all right, title and interest in and to Federal Registration No. 5,033,201 for the Trademark HAIRRX, issued on the Principal Register on August 30, 2016. A copy of the Registration is attached as Exhibit A.

11. Notwithstanding Plaintiff's prior exclusive rights in the mark HAIRRX, Defendant Washington, has adopted and used the mark HAIR RX in this judicial district and in interstate commerce, in connection with the sale of hair products, namely, thickening control creams.

12. On or about July 10, 2018, Plaintiff became aware of Defendant's use of the mark HAIR RX in the exact same media used by Plaintiff for its use of HAIRRX, namely, the internet. Plaintiff's use of the mark HAIRRX is at <www.hairrx.com>. A printout of Plaintiff's website is attached as Exhibit B. Defendant's use of HAIR RX is shown in Exhibit C, taken from Defendant's website at <www.righteousroots.com>.

13. By letter dated July 11, 2018, Plaintiff, through its legal counsel, demanded that Defendant immediately cease and permanently desist from all use of the mark HAIR RX in connection with hair care products. Despite the foregoing, Defendant continues to use the mark HAIR RX in connection with hair care products, namely, thickening control creams.

14. Defendant is not associated, affiliated or connected with or authorized, endorsed or sanctioned by Plaintiff. In fact, Defendant is in direct competition with Plaintiff in the same area of goods.

15. Defendant's use of HAIR RX, in the manner hereinabove alleged, has likely caused the public to believe, contrary to fact, that Defendant's business activities and products

3

offered under the mark HAIR RX are sponsored, licensed and/or otherwise approved by, or in some way connected or affiliated with Plaintiff.

16.     Defendant's unauthorized use of the mark HAIR RX, as set forth above, is likely to damage and materially diminish the value of Plaintiff's federally registered mark HAIRRX resulting in Defendant unfairly benefiting and profiting from the reputation and goodwill that is represented by the mark HAIR RX.

17.     Defendant's use of the mark HAIR RIX in the manner hereinabove alleged constitutes trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

18.     On information and belief, Defendant had actual knowledge of Plaintiff's prior use of the mark HAIRRX when Defendant began using the mark HAIR RX in connection with Defendant's hair care products. On further information and belief, Defendant has long known of the fact that the public associates the mark HAIRRX with the products of Plaintiff, and Defendant has sought to capitalize on the goodwill engendered by the mark HAIR RX by intentionally adopting the mark HAIR RX.

19.     Upon information and belief, Defendant has performed the aforementioned acts willfully, deliberately, with the knowledge of the infringement they would cause, to appropriate and unfairly trade upon the goodwill in the HAIRRX mark, and with entire want of care as would raise the presumption of conscious indifference to their consequences.

20.     By reason of Defendant's acts alleged herein, Plaintiff has and will suffer damage to its business, reputation, and goodwill, and Defendant will enjoy profits to which it is otherwise not entitled, for which Plaintiff is entitled to relief at law.

21.     Unless enjoined by this Court, Defendant will continue to infringe the mark

HAIRRX, thereby deceiving the public and causing Plaintiff immediate and irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

## COUNT II – FALSE DESIGNATION OF ORIGIN

22. As a cause of action and ground for relief, Plaintiff ProfilePRO alleges that Defendant Washington has engaged in acts in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and incorporates by reference ¶¶ (1) through (21) inclusive of the Complaint as part of this count.

23. Defendant Washington's use of mark HAIR RX in the manner hereinabove alleged constitutes a false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or deception as to the source, origin, authorization, sponsorship and/or approval of Defendant Washington's commercial activities with respect to the mark HAIRRX.

24. The nature and probable tendency and effect of Defendant's use of the mark HAIR RX in the manner hereinabove alleged is to enable Defendant to confuse or deceive the public by misrepresenting the goods offered for sale and rendered under said name and mark as sponsored, licensed and/or approved by, or in some way connected or affiliated with HAIRRX. Such conduct constitutes a false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Upon information and belief, Defendant Washington's actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of

ProfilePRO and to improperly appropriate to itself the valuable trademark rights of Plaintiff ProfilePRO.

## COUNT III – UNFAIR COMPETITION

26. As a cause of action and ground for relief, Plaintiff ProfilePRO alleges that Defendant Washington has engaged in acts of unfair competition at common law, and incorporates by reference ¶¶ (1) through (25) inclusive of the Complaint as part of this count.

27. By virtue of Defendant Washington's acts hereinabove pleaded, Defendant has engaged in conduct which is contrary to honest industrial and commercial practice, and thus, has engaged in unfair competition, in violation of the common law of the Commonwealth of Pennsylvania.

28. Defendant Washington's acts hereinabove pleaded, are calculated to procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiff ProfilePRO at substantial effort and expense represented by the distinctiveness of the mark HAIRRX.

29. Defendant has engaged in the aforementioned acts willfully and deliberately and with full knowledge of the mark HAIRRX and ProfilePRO's rights therein.

30. Defendant will continue to compete unfairly unless restrained by this Court. As a result of Defendant's unfair competition, Plaintiff will be unable to control the loss of the distinctive quality and reputation represented by the mark HAIRRX and will sustain still further damages in an amount difficult to ascertain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alliance respectfully prays that:

1. The Court enter judgment that:

       a.    Defendant has infringed the mark HAIRRX under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and at common law;

       b.    Defendant has committed unfair competition of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

       c.    Defendant has engaged in unfair competition at common law.

2.    Defendant and each of her agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

       a.    Using the mark HAIR RX and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols or designs, as a service mark, trademark, trade name, domain name component, or otherwise to market, advertise or identify Defendant's commercial activities or services;

       b.    Otherwise infringing the mark HAIRRX;

       c.    Unfairly competing with Plaintiff in any manner whatsoever, or otherwise injuring its business reputation in the manner complained of herein; and

       d.    Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (c) above.

3.    The Court order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant, bearing the mark HAIRRX, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means

of making the same, be delivered up and destroyed.

4. Defendant be ordered to notify in writing and direct to the relevant federal or state Departments of Transportation and to its advertisers and all publishers of websites, directories, registries or lists in which the Defendant's use of the mark HAIR RX appears, to delete all references to said names and marks from their files, databases and directories.

5. Defendant be required, within thirty (30) days after service of judgment, to file with this Court and serve upon Plaintiff's counsel, a written report, under oath, setting forth in detail the manner in which Defendant has complied with the Judgment.

6. Defendant be directed to pay to Plaintiff compensatory damages in an amount to be determined at trial for the injuries sustained by Plaintiff in consequence of the acts complained of herein and that such damages be trebled because of the willful acts described herein.

7. Defendant be required to account for and pay to Plaintiff all profits realized by Defendant as the result of the acts complained of herein.

8. Defendant be required to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by Plaintiff.

9. Defendant be required to pay pre- and post-judgment interest according to law.

10. The Court award any punitive and exemplary damages against Defendant and in favor of Plaintiff.

11. Plaintiff be granted such other, different and additional relief as this Court deems equitable and proper.

*** **SIGNATURE PAGE FOLLOWING** ***

Respectfully submitted,

**CAESAR RIVISE, PC**

Dated: July 17, 2018        By /s/ Manny Pokotilow
Manny D. Pokotilow (PA I.D. # 13310)
1635 Market Street
12th Floor - Seven Penn Center
Philadelphia, PA  19103-2212
*Attorneys for Plaintiff ProfilePRO LLC*